UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>             Plaintiff,<br><br>   v.<br><br>GOMEZ, et al.,<br><br>             Defendants. | No. 2: 21-cv-0572 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions requesting to be transferred to a different prison. (ECF Nos. 11, 13.) The undersigned construes these motions as requests for injunctive relief. For the reasons stated herein, the undersigned recommends that plaintiff's motions for injunctive relief be denied.

Legal Standard for Injunctive Relief

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)); see also Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish

1

that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'") (quoting All. for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).  The Ninth Circuit has also held that an "injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." All. for Wild Rockies, 632 F.3d at 1134–35 (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)) (en banc), overruled on other grounds by Winter, 555 U.S. 7.[1] The party seeking the injunction bears the burden of proving these elements.  See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009); Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Discussion

This action proceeds on plaintiff's complaint filed March 29, 2021, against defendants California State Prison-Sacramento ("CSP-Sac") Warden Lynch and CSP-Sac Correctional Officers Gomez and Navarro.  Plaintiff alleges that defendants Gomez and Navarro disregarded plaintiff's safety concerns regarding his cellmate in violation of the Eighth Amendment.  As a result of defendants' disregard of plaintiff's safety concerns, on October 23, 2020 plaintiff's cellmate attacked and viciously beat plaintiff.  Plaintiff alleges that defendant Lynch cultivated and promoted a policy permitting CSP-Sac correctional officers ignore inmate safety concerns in violation of the Eighth Amendment.

Plaintiff is currently housed at CSP-Sac.

////

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." All. for the Wild Rockies, 632 F.3d at 1134.  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

In the first request for injunctive relief, plaintiff alleges that when he started his 602 appeal at the informal response level, the custody staff gave him lots of trouble for writing the appeal. (ECF No. 11.) Plaintiff alleges that custody staff gave him "reprisals" and even tried to physically hurt plaintiff. (Id.) Plaintiff requests that the court order his transfer to a different prison or he will have more trouble with custody staff for filing his complaint. (Id.)

In the second request for injunctive relief, plaintiff alleges that officers threaten and beat inmates for writing complaints. (ECF No. 13.) Plaintiff alleges that he is at risk of being hurt by prison staff now that he has sent his complaint to the court. (Id.) Plaintiff alleges that he does not feel safe. (Id.) Plaintiff requests that the court orders his transfer to a different prison. (Id.)

In his requests for injunctive relief, plaintiff does not describe the "reprisals" prison staff allegedly made in retaliation for filing his 602 and/or complaint. Plaintiff does not describe the attempts prison staff allegedly made to physically harm him in retaliation for filing his 602 and/or complaint. Plaintiff does not describe when these alleged "reprisals" and attempts to physically harm him occurred. Plaintiff does not identify the prison staff who allegedly made these "reprisals" and attempts to physically harm him. Plaintiff does not describe how he knows that these "reprisals" and attempts to physically harm him are related to his filing his 602 and/or complaint.

Based on the vague allegations in plaintiff's pending motions, the undersigned finds that plaintiff has failed to demonstrate that the threat of physical or other injury to him based on his filing of his 602 and/or complaint is more than speculative. See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir.1984) ("Speculative injury does not constitute irreparable injury."). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130–31 (1969). On these grounds, the undersigned recommends that plaintiff's motions for injunctive relief, requesting that plaintiff be transferred to a different prison, be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

////

IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 11, 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.inj