1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No.  2: 21-cv-0572 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  (ECF No. 31.)  Defendants also move to dismiss the claims against defendant Lynch pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Id.)

For the reasons stated herein, the undersigned grants defendants' motion to dismiss the claims against defendant Lynch with leave to amend.  The undersigned defers consideration of defendants' motion pursuant to 28 U.S.C. § 1915(g) until receipt of plaintiff's amended complaint.

Legal Standard for 12(b)(6) Motion

A complaint may be dismissed for "failure to state a claim upon which relief may be

1

granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. <u>Iqbal</u>, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  <u>Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.</u>, 710 F.3d 946, 956 (9th Cir. 2013).  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam).  However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  See <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, <u>see</u> <u>Schneider v. Cal. Dep't of Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend.  <u>See, e.g.</u>, <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

////

2

1 | Plaintiff's Complaint

2 |       This action proceeds on plaintiff's original complaint filed March 29, 2021, as to

3 | defendants California State Prison-Sacramento ("CSP-Sac") Correctional Officers Gomez and

4 | Navarro and CSP-Sac Warden Lynch.  (ECF No. 1).  Plaintiff alleges that on October 23, 2020,

5 | his cellmate attacked him.  (Id. at 3.)  As a result of the attack, plaintiff suffered a global rupture

6 | to his left eye causing permanent blindness.  (Id. at 3-4.)

7 |       Plaintiff alleges that in the days leading up to the attack, he told defendants Gomez and

8 | Navarro that his safety was in danger if he continued to be housed with his cellmate.  (Id. at 4.)

9 | Plaintiff alleges that he told defendants that his cellmate had been physically and verbally abusive

10 | toward him.  (Id. at 5.)  Defendants did not move plaintiff to a new cell.  (Id. at 4.)  Plaintiff

11 | alleges that defendants Gomez and Navarro disregarded his safety concerns regarding his

12 | cellmate in violation of the Eighth Amendment.  (Id.)

13 |       Plaintiff alleges that the actions of defendants Gomez and Navarro are "far from an

14 | isolated incident."  (Id. at 5.)  Plaintiff alleges that, "this type of behavior by officers at CSP-

15 | Sacramento is normal and occurs on a regular basis."  (Id.)  Plaintiff alleges that defendant

16 | Warden Lynch cultivated and promoted a policy permitting CSP-Sac correctional officers to

17 | ignore inmate safety concerns in violation of the Eighth Amendment.  (Id. at 5.)

18 |       Plaintiff seeks money damages.  (Id. at 6.)

19 | Discussion

20 |       Supervisors may be held liable only if they "participated in or directed the violations, or

21 | knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045

22 | (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v.

23 | Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  "'The requisite causal connection may be established

24 | when an official sets in motion a "series of acts by others which the actor knows or reasonably

25 | should know would cause others to inflict" constitutional harms.'"  Corales v. Bennett, 567 F.3d

26 | at 570 (internal citations omitted).  Supervisory liability may also exist without any personal

27 | participation if the official implemented "a policy so deficient that the policy itself is a

28 | repudiation of the constitutional rights and is the moving force of the constitutional violation."

1    Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

2    marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970)).

3         When a defendant holds a supervisory position, the causal link between such defendant

4    and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607

5    F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and

6    conclusory allegations concerning the involvement of supervisory personnel in civil rights

7    violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8         Defendants argue that plaintiff's claim alleging that defendant Lynch "cultivated and

9    promoted" a policy that permitted CSP-Sac correctional officers to disregard inmate safety

10   concerns is vague and conclusory.  The undersigned agrees.  While plaintiff generally alleges that

11   CSP-Sac correctional officers routinely disregard inmate safety concerns, plaintiff alleges no

12   specific facts supporting this allegation.  Plaintiff describes no other specific incidents where

13   inmate safety concerns were disregarded by CSP-Sac correctional officers prior to the October

14   23, 2020 incident alleged in plaintiff's complaint.  Plaintiff also fails to allege any facts regarding

15   how defendant Lynch "cultivated and promoted" the alleged policy.  Accordingly, plaintiff's

16   claim against defendant Lynch is dismissed with leave to amend.

17        Plaintiff is informed that the court cannot refer to a prior pleading in order to make

18   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

19   complete in itself without reference to any prior pleading.  This requirement exists because, as a

20   general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of

21   San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the

22   original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once

23   plaintiff files an amended complaint, the original pleading no longer serves any function in the

24   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

25   involvement of each defendant must be sufficiently alleged.

26        Plaintiff's amended complaint must include his claims against defendants Navarro and

27   Gomez in addition to his claims against defendant Lynch.

28   ////

4

1    Request for Appointment of Counsel

2          Plaintiff requests that the court appoint counsel.  District courts lack authority to require

3    counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

4    Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

5    to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

6    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

8    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

9    se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

10   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

11   burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

12   common to most prisoners, such as lack of legal education and limited law library access, do not

13   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

14         Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

15   burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

16   time.

17         Accordingly, IT IS HEREBY ORDERED that:

18   1.   Plaintiff's motion for appointment of counsel (ECF No. 34) is denied;

19   2.   Defendants' motion to dismiss the claims against defendant Lynch (ECF No. 31) is

20        granted;

21   3.   Plaintiff is granted thirty days from the date of this order to file an amended

22        complaint, as discussed above; failure to file an amended complaint within that time

23        will result in a recommendation of the claims against defendant Lynch;

24   4.   Defendants need not respond to the amended complaint until ordered by the court.

25   Dated:  August 16, 2021

26

27                                                    _____
                                                      KENDALL J. NEWMAN
28   Mer572.ame                                       UNITED STATES MAGISTRATE JUDGE