UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,

    Plaintiff,

v.

GOMEZ, et al.,

    Defendants.

No. 2: 21-cv-0572 JAM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 31.) For the reasons stated herein, the undersigned recommends that defendants' motion be granted.

Background

    Plaintiff filed the original complaint on March 29, 2021. (ECF No. 1). Plaintiff named as defendants California State Prison-Sacramento ("CSP-Sac") Correctional Officers Gomez and Navarro and CSP-Sac Warden Lynch. (ECF No. 1). Plaintiff alleged that on October 23, 2020, his cellmate attacked him. (Id. at 3.) As a result of the attack, plaintiff suffered a global rupture to his left eye causing permanent blindness. (Id. at 3-4.)

////

1

Plaintiff alleged that in the days leading up to the attack, he told defendants Gomez and Navarro that his safety was in danger if he continued to be housed with his cellmate. (Id. at 4.) Plaintiff alleged that he told defendants Gomez and Navarro that his cellmate had been physically and verbally abusive toward him. (Id. at 5.) Defendants Gomez and Navarro did not move plaintiff to a new cell. (Id. at 4.) Plaintiff alleged that defendants Gomez and Navarro disregarded his safety concerns regarding his cellmate in violation of the Eighth Amendment. (Id.)

Plaintiff alleged that the actions of defendants Gomez and Navarro are "far from an isolated incident." (Id. at 5.) Plaintiff alleged that "this type of behavior by officers at CSP-Sacramento is normal and occurs on a regular basis." (Id.) Plaintiff alleged that defendant Lynch cultivated and promoted a policy permitting CSP-Sac correctional officers to ignore inmate safety concerns in violation of the Eighth Amendment. (Id. at 5.)

On April 2, 2021, the undersigned ordered service of defendants Gomez, Navarro and Lynch. (ECF No. 6.)

On July 19, 2021, defendants filed a motion to dismiss the claims against defendant Lynch pursuant to Federal Rule of Civil Procedure 12(b)(6) (combined with the pending motion to revoke plaintiff's in forma pauperis status). (ECF No. 31.) On August 17, 2021, the undersigned granted defendants' motion to dismiss with leave to file an amended complaint within thirty days. (ECF No. 37.) The undersigned found that plaintiff's claim alleging that defendant Lynch cultivated and promoted a policy that permitted CSP-Sac correctional officers to ignore inmate safety concerns was vague and conclusory. (Id. at 4.) The undersigned found that plaintiff's claim alleging that CSP-Sac correctional officers routinely disregarded inmate safety concerns was not supported by specific facts. (Id.)

In response to the August 17, 2021 order, plaintiff filed two separate pleadings. (ECF Nos. 41, 42.) One pleading contains plaintiff's previous claims against defendants Gomez and Navarro. (ECF No. 42.) The other pleading, titled "Motion to Amend," contains plaintiff's claims against defendant Lynch. (ECF No. 41.) Plaintiff alleges that defendant Lynch is liable for the misconduct because he knows and is very aware of the staff misconduct and wrong

2

behavior. (Id. at 1.) Plaintiff alleges that defendant Lynch read plaintiff's 602 grievance prior to the incident and knew that plaintiff was under imminent danger of attack by his cellmate. (Id.) Plaintiff alleges that defendant Lynch "might not cultivate and promote a policy permitting CSP-Sac C/Os to behave the way they do behave, but he let the/his officers to behave the wrong way they do behave…" (Id. at 2.) Plaintiff also alleges, "I can list so many many incidents" that happened at CSP-Sac that support his claim of correctional officers routinely disregarding inmate safety. (Id. at 3.) However, plaintiff does not describe any of these incidents. (Id.)

Discussion—Motion to Revoke Plaintiff's In Forma Pauperis Status

*Does Plaintiff Have Three Prior Strikes Pursuant to 28 U.S.C. § 1915(g)?*

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

////

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 638 (4th Cir. 2013)).

Defendants contend that plaintiff has three prior actions dismissed because they failed to state a claim, or were frivolous or malicious. The undersigned discusses these cases herein.

Defendants contend that case no. 5:10-cv-1674 RMW (N.D. Cal.) is a strike pursuant to 28 U.S.C. § 1915(g). Defendants provided the court with the August 2, 2010 order by the United States District Court for the Northern District of California dismissing case 10-1674 for failure to state a claim. (ECF No. 32 at 13-15.)

Defendants contend that case no. 5:11-cv-5739 RMW (N.D. Cal.) is a strike pursuant to 28 U.S.C. § 1915(g). Defendants provided the court with the March 6, 2012 order by the United States District Court for the Northern District of California dismissing case 11-5739 for failure to state a claim. (Id. at 45-47.)

Defendants contend that case no. 5:10-cv-5393 RMW (N.D. Cal.) is a strike pursuant to 28 U.S.C. § 1915(g). Defendants provided the court with the February 15, 2011 order by the United States District Court for the Northern District of California dismissing plaintiff's complaint in case 10-cv-5393 for failure to state a claim with leave to amend. (Id. at 29-32.) Defendants provided the court with the April 21, 2011 order by the Northern District dismissing case 10-cv-5393 after plaintiff failed to file an amended complaint. (Id. at 33.) See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

In the pending motion, defendants also present evidence demonstrating that plaintiff filed the three lawsuits discussed above and that he was incarcerated when he filed them. The plaintiff in the three cases cited above identifies himself as Francisco Merino. (ECF No. 32 at 9, 19, 38.)

In case 10-cv-1674, plaintiff indicated that he was housed in the San Mateo County Jail when he filed his complaint on April 19, 2010. (Id. at 7, 9.) In case 10-cv-5393, plaintiff indicated that he was housed in the San Mateo County Jail when he filed his complaint on November 29, 2010. (Id. at 18, 19.) In case 11-cv-5739, plaintiff indicated that he was housed at the San Mateo County Jail when he filed his complaint on November 30, 2011. (Id. at 38.)  However, the docket sheet from case 11-cv-5739 lists plaintiff's address as Salinas Valley State Prison ("SVSP"). (Id. at 36.)

Plaintiff was incarcerated in the San Mateo County Jail from January 5, 2010, until September 16, 2011. (Id. at 51-52.) On September 16, 2011, plaintiff was transferred into the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 54.) Therefore, plaintiff was incarcerated in San Mateo County Jail when he filed cases 10-cv-1674 and 10-cv-5393. Plaintiff was incarcerated in SVSP when he filed case 11-cv-5739.

After reviewing the evidence cited above, the undersigned is confident that plaintiff filed the three actions discussed above and that plaintiff was incarcerated when he filed these actions. The undersigned further observes that plaintiff's handwriting and signature in the instant action appear to be the same handwriting and signature in the three cases discussed above.

Accordingly, the undersigned finds that the three cases discussed above, i.e., case nos. 10-cv-1674, 10-cv-5393 and 11-cv-5739, are strikes pursuant to 28 U.S.C. § 1915(g).

The undersigned observes that in a pleading filed September 10, 2021, plaintiff alleges that he has only two strikes. (ECF No. 43.) Attached to this pleading is a request for interview form addressed to CCI Counselor in which plaintiff asks, "How many strikes do I have?" (Id. at 2.) The responses states, "2." (Id.) The response to plaintiff's request does not appear to address plaintiff's strikes pursuant to 28 U.S.C. § 1915(g). Instead, this response may be addressing plaintiff's strikes pursuant to California's Three Strikes law.

*Imminent Danger Exception*

Because plaintiff sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner

faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Imminent danger is measured at the commencement of the action, and is not reevaluated based on allegations in an amended complaint. See, e.g., Bradford v. Usher, 2019 WL 4316899, at *4 (E.D. Cal. Sept. 12, 2019) ("imminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action and that a determination that the imminent danger exception has been satisfied need not be subsequently reexamined until and unless an appeal is filed."); Simmons v. Wuerth, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020) (Section 1915(g)'s imminent danger "exception applies if the *complaint* makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing") (citing Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasis in original)).

In the pending motion, defendants argue that plaintiff does not meet the imminent danger exception because there are no facts plausibly suggesting that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint on March 29, 2021. Defendants contend that plaintiff's complaint concerns a single prior assault by a prior cellmate that occurred in October 2020. Exhibits attached to the complaint indicate that plaintiff was granted single cell status on October 29, 2020, based on the incident. (See ECF No. 1 at 15.) Accordingly, based on the granting of single cell status, defendants argue that there is no further risk of in-cell assault by the same inmate or any current cellmate, as plaintiff does not have one. Defendants further argue

that plaintiff does not allege that he is under further threat of assault.

Plaintiff's allegations in the complaint do not demonstrate that he faced imminent danger of serious physical injury at the time he filed the complaint, including a risk of ongoing danger. As observed by defendants, an exhibit attached to the complaint demonstrates that plaintiff was granted single cell status on October 29, 2020. It is not clear whether plaintiff still had single cell status when he filed the complaint on March 29, 2021. However, plaintiff's failure to allege ongoing danger and his failure to request injunctive relief (see ECF No. 1 at 6) suggest that he did not face a further risk of in-cell assault from the same inmate or any current cellmate at the time he filed his complaint. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (citing Webster's II New Riverside University Dictionary 611 (1984) ("Imminent" dangers are those dangers which are about to occur at any moment or are impending.").

The undersigned also finds that the allegations in the amended complaint against defendant Lynch (see ECF No. 41) do not demonstrate that plaintiff faced imminent danger of serious physical injury at the time he filed the complaint. Plaintiff's allegations in the amended complaint regarding defendant Lynch's alleged policy permitting CSP-Sac correctional officers to disregard inmate safety concerns are vague and conclusory, as they were in the original complaint.

Finally, plaintiff filed three pleadings in response to the pending motion arguing, in essence, that he faced an imminent threat of serious physical harm on or around the time he filed the complaint based on defendant Gomez's retaliation and threats of retaliation for filing the instant action. (ECF Nos. 39, 40, 44.) Plaintiff alleges that during the time he was preparing this action "and thereafter," defendant Gomez hit plaintiff two times in the face with closed fists. (ECF No. 39 at 2.) Plaintiff alleges that defendant Gomez came to his cell and said, "You told on me?" (Id. at 3.) Plaintiff alleges that defendant did this for 6-7 days in a row and hit plaintiff in the face on two occasions. (Id.) Plaintiff alleges that this retaliation took place while plaintiff

7

was writing his complaint.  (Id.)

"[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]."  Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

A favorable judgment in plaintiff's favor, i.e., granting plaintiff's request for money damages based on a finding that defendants failed to protect plaintiff from his cellmate on October 23, 2020, would not resolve the alleged retaliatory threats and assaults by defendant Gomez.  See Cramer v. Jones, 2020 WL 402018, at *3 (E.D. Cal. Jan. 24, 2020), findings and recommendations adopted March 30, 2020 ("The allegations regarding any retaliation by Defendants for filing this case do not have a nexus to his claims: Plaintiff does not allege, for example, that Defendants' theft or acts of impoundment have put him in imminent danger.  Put another way, Plaintiff has not shown that he is in imminent danger that would be redressed by this lawsuit."); see also Jordanoff v. Torxel, 2020 WL 2992198, at *2 (W.D. Okl. June 4, 2020) ("However, a favorable judgment from the Court—granting Plaintiff $135,000.00 in monetary damages, restating his phone and commissary privileges, and providing injunctive relief against medical staff…would not resolve the threats he received from fellow inmates.").

Accordingly, plaintiff's claim that defendant Gomez retaliated against him for filing this action does not give rise to the imminent danger exception because a favorable judicial outcome would not redress the injuries caused by defendant Gomez's alleged retaliation.[1]

For the reasons discussed above, the undersigned finds that plaintiff does not meet the imminent danger exception contained in 28 U.S.C. § 1915(g).  Accordingly, defendants' motion

---

[1] Plaintiff did not include the allegations regarding defendant Gomez's alleged retaliation in either the original complaint or amended complaint.  (ECF Nos. 1, 2.)

8

to revoke plaintiff's in forma pauperis affidavit should be granted.

Requests for Appointment of Counsel

Plaintiff filed two requests for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Conclusion

For the reasons discussed above, the undersigned recommends that defendants' motion to revoke plaintiff in forma pauperis status be granted. Following resolution of this motion, the undersigned will consider plaintiff's motion to amend, if appropriate. (ECF Nos. 41, 42.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for appointment of counsel (ECF No. 38, 45) are denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 31) be granted;
2. Plaintiff be ordered to pay the $402 filing fee within thirty days of the adoption of these findings and recommendations by the district court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 26, 2021

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.57