1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

FRANCISCO MERINO,

No.  2: 21-cv-0572 JAM KJN P

12

Plaintiff,

13

v.

ORDER

14

GOMEZ, et al.,

15

Defendants.

16

17

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18

to 42 U.S.C. § 1983.  On December 21, 2021, the court granted defendants' motion to revoke

19

plaintiff's in forma pauperis status and ordered plaintiff to pay the filing fee.  (ECF No. 58.)  On

20

February 7, 2022, plaintiff paid the filing fee.  Accordingly, the undersigned herein addresses the

21

matters deferred pending resolution of the motion to revoke plaintiff's in forma pauperis status.

22

Plaintiff's Amended Complaints

23

     On April 2, 2021, the undersigned ordered service of plaintiff's original complaint on

24

defendants Lynch, Navarro and Gomez.  (ECF No. 6.)

25

     On July 19, 2021, defendants filed a motion to dismiss the claims against defendant Lynch

26

pursuant to Federal Rule of Civil 12(b)(6).  (ECF No. 31.)  On August 17, 2021, the undersigned

27

granted defendants' motion to dismiss the claims against defendant Lynch with leave to file an

28

amended complaint.  (ECF No. 37.)

1

On September 9, 2021, plaintiff filed a motion to amend and an amended complaint.  (ECF Nos. 41, 42.)  The amended complaint contains plaintiff's claims against defendants Navarro and Gomez.  (ECF No. 42.)   The motion to amend contains plaintiff's claims against defendant Lynch.  (ECF No. 41.)  Neither of these pleadings is prepared on a complaint form.

Local Rule 220 requires that complaints be complete without reference to other pleadings.  Pursuant to Local Rule 220, plaintiff's amended complaint may not be based on two, separate pleadings.  In addition, Federal Rule of Civil Procedure 8(a)(3) states that pleadings must contain a demand for the relief sought.  Plaintiff's motion to amend and amended complaint do not include demands for relief.  For these reasons, plaintiff's motion to file an amended complaint filed September 9, 2021 is denied.

On November 4, 2021, plaintiff filed a pleading titled "Amended Complaint."  (ECF No. 51.)  Page two of this pleading is titled, "2nd amended complaint with more information."  (Id. at 2.)  This pleading is not prepared on a complaint form.  This pleading contains only plaintiff's claims against defendants Navarro and Gomez.  This pleading does not contain a claim for relief as required by Rule 8(a)(3).  This pleading is apparently further briefing in support of plaintiff's claims against defendants Navarro and Gomez.  Therefore, this pleading does not comply with Local Rule 220, which prohibits piecemeal amendment of pleadings.  For all of these reasons, plaintiff's amended complaint filed November 4, 2021 is dismissed.

Plaintiff is granted one final opportunity to file an amended complaint curing the pleading defects regarding his claims against defendant Lynch discussed in the August 17, 2021 order.  The amended complaint shall also include plaintiff's claims against defendants Navarro and Gomez.  The amended complaint shall be prepared on the complaint form provided with the instant order.

Plaintiff's Request for a Responsive Pleading and to Conduct Discovery

On October 22, 2021, plaintiff filed a request for a responsive pleading and for the discovery process to begin.  (ECF No. 49.)  On December 8, 2021, plaintiff filed a motion (docketed as a motion to compel) requesting that the court order that the parties may conduct discovery.  (ECF No. 57.)

Plaintiff is informed that the court will order defendants Navarro and Gomez to file a responsive pleading to the original complaint if plaintiff opts to proceed on the original complaint.  If plaintiff instead opts to file an amended complaint, the court will order defendants to file a responsive pleading following resolution of the amended complaint.  The court will issue a scheduling order, setting deadlines for discovery and dispositive motions, after defendants file a responsive pleading.  Accordingly, plaintiff's requests for a responsive pleading and for the discovery process to begin are denied as premature.

Plaintiff's Motion for Appointment of Counsel

On November 22, 2021, inmate John Eduard Mitchell filed a motion for appointment of counsel on plaintiff's behalf.  Plaintiff did not sign this pleading.  Federal Rule of Civil Procedure 11 requires that all pleadings must be personally signed by unrepresented parties.  Plaintiff's motion for appointment of counsel does not comply with Rule 11 because it is not signed by plaintiff.  Accordingly, this motion is disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file a first amended complaint (ECF No. 41) is denied; plaintiff's amended complaint filed November 4, 2021 (ECF No. 51) is dismissed;

2. Plaintiff is granted thirty days from the date of this order to file an amended complaint; defendants are not required to respond to the amended complaint until ordered by the court; if plaintiff does not file an amended complaint within thirty days, defendants Navarro and Gomez shall file a response to the original complaint within forty-five days of the date of this order;

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights action pursuant to 42 U.S.C. § 1983;

4. Plaintiff's request for a responsive pleading and discovery (ECF No. 49) is denied;

////

////

////

////

3

5.  Plaintiff's motion for appointment of counsel (ECF No. 52) is disregarded;

6.  Plaintiff's motion to compel (ECF No. 57) is denied.

Dated:  February 11, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.clp