UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>   Plaintiff,<br><br>  v.<br><br>GOMEZ, et al.,<br><br>   Defendants. | No. 2: 21-cv-0572 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint. (ECF No. 75.)

Discussion

  Named as defendants are Warden Lynch and Correctional Officers Navarro and Gomez. (Id. at 1.) All defendants have previously appeared in this action.

  Plaintiff alleges that his cellmate attacked him on October 23, 2020. (Id. at 4.) In the days leading up to the attack, plaintiff told the correctional officers assigned to his housing unit that his cellmate was physically and verbally abusive and that something serious was about to happen. (Id.) Defendants Navarro and Gomez told plaintiff to just deal with the situation and they were not going to move plaintiff or his cellmate. (Id.)

////

1

1    Plaintiff also alleges that prior to October 23, 2020, he told defendants Navarro and
2    Gomez that he (plaintiff) could not go back in the cell because plaintiff's safety was in jeopardy.
3    (Id. at 7.)  Defendant Gomez told plaintiff that he did not have a choice, and that if plaintiff did
4    not return to the cell, defendants Gomez and Navarro would forcibly put plaintiff back in the cell.
5    (Id.)  Plaintiff returned to his cell and was later attacked by his cellmate.  (Id.)

6    Plaintiff alleges that defendants Navarro and Gomez violated his Eighth Amendment right
7    to be protected from harm by other inmates.  Plaintiff's second amended complaint states
8    potentially colorable Eighth Amendment claims against defendants Navarro and Gomez.

9    Plaintiff's second amended complaint makes the following allegations against defendant
10   Warden Lynch.  Plaintiff alleges that before his cellmate attacked him on October 23, 2020,
11   plaintiff wrote a "602 to the administrative level and when a inmate file a 602 complaint such 602
12   goes at the Warden office."  (Id. at 3.)  Plaintiff alleges that defendant Warden Lynch knew about
13   his situation with his cellmate because defendant Warden Lynch read plaintiff's 602 complaint.
14   (Id.)  Plaintiff alleges that defendant Warden Lynch knew that plaintiff was at risk of danger from
15   his cellmate.  (Id.)  Plaintiff also alleges that defendant Lynch cultivated and promoted a "hands
16   on policy by officers here at the prison."  (Id.)   Plaintiff alleges that defendant Lynch "allowed
17   this attitude and physical violence to go unpunished."  (Id.)

18   For the following reasons, the undersigned finds that plaintiff has not stated a potentially
19   colorable claim for relief against defendant Warden Lynch.

20   "[A] supervisor is only liable for constitutional violations of his subordinates if the
21   supervisor participated in or directed the violations or knew of the violations and failed to act to
22   prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  In addition, a supervisor
23   who is informed of an alleged constitutional violation may be liable if they fail to remedy it.  See
24   Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (holding that a supervisor who is informed of
25   an alleged constitutional violation, e.g., pursuant to reviewing an inmate's letters, may be liable if
26   he failed to remedy it).

27   If defendant Warden Lynch read plaintiff's grievance discussing his safety concerns
28   regarding his cellmate and failed to act, defendant Warden Lynch may be liable for the alleged

2

deprivations. However, the undersigned finds that plaintiff has not plead sufficient facts from which it may be reasonably inferred that defendant Warden Lynch read plaintiff's grievance. Plaintiff alleges no facts demonstrating how he knows defendant Warden Lynch read his grievance. Plaintiff does not allege, for example, that defendant Warden Lynch responded to his grievance. The undersigned finds that it is not reasonable to infer that defendant Warden Lynch read plaintiff's grievance based only on plaintiff's allegation that his grievance went to Warden Lynch's office. For these reasons, the undersigned finds that plaintiff has failed to state a potentially colorable claim for relief against defendant Warden Lynch. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to state a claim, a complaint must contain sufficient factual detail for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged).

Plaintiff also alleges that defendant Warden Lynch is liable for the alleged attack on plaintiff by his cellmate because defendant Warden Lynch promoted and cultivated a policy of permitting physical violence to go unpunished. For the following reasons, the undersigned finds that these allegations fail to state a potentially colorable claim for relief against defendant Warden Lynch.

A supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks and citation omitted). However, plaintiff's claim that defendant Warden Lynch created or promoted a policy permitting physical violence to go unpunished is vague and conclusory. Plaintiff alleges no facts in support of this claim. For example, plaintiff fails to allege other instances of unpunished physical violence. For these reasons, these allegations fail to state a potentially colorable claim for relief. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim).

The undersigned previously granted defendants' motion to dismiss plaintiff's claims against defendant Lynch with leave to amend. (ECF No. 37.) Because it is clear that plaintiff cannot cure the pleadings defects with respect to his claims against defendant Lynch, no further

amendments are permitted.

Accordingly, IT IS HEREBY ORDERED that defendants Navarro and Gomez shall file a response to the second amended complaint within twenty-one days of the date of this order; and

IT IS HEREBY RECOMMENDED that defendant Lynch be dismissed from this action. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 13, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.ame(2)