UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:21-cv-0572 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Motions for Appointment of Counsel (ECF Nos. 80, 86)

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

1

burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff's Request for Extension of Time (ECF No. 85)

On May 19, 2022, plaintiff filed a motion for a 30-60 days extension of time to prepare for the jury trial.  (ECF No. 85.)  For the reasons stated herein, this motion is denied.

On May 6, 2022, the undersigned issued a discovery and scheduling order setting the discovery and pretrial motion deadlines.  (ECF No. 83.)  No jury trial has been scheduled.  The jury trial will be scheduled if no dispositive motions are filed by the pretrial motion deadline or following resolution of any dispositive pretrial motions, if appropriate.  Accordingly, plaintiff's motion for an extension of time to prepare for the jury trial is denied as premature.

Plaintiff's Motion for Witnesses to Appear (ECF No. 87)

On May 26, 2022, plaintiff filed a motion requesting that two inmate witnesses appear at the jury trial on plaintiff's behalf.  (ECF No. 87.)  This motion is denied as premature because no jury trial has been scheduled.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel (ECF Nos. 80, 86) are denied without prejudice;
2. Plaintiff's motion for an extension of time (ECF No. 85) is denied; and
3. Plaintiff's motion for witnesses (ECF No. 87) is denied.

Dated:  June 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meri0572.31(2)