UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>        Defendants. | No. 2: 21-cv-0572 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint. (ECF No. 88.) For the reasons stated herein, the undersigned orders defendants Navarro and Gomez to file a response to the third amended complaint and recommends dismissal of defendant Lynch.

Background

Plaintiff named Correctional Officers Navarro and Gomez and Warden Lynch as defendants in the second amended complaint. (ECF No. 75.) In the second amended complaint, plaintiff alleged that his cellmate attacked him on October 23, 2020. (Id. at 4.) In the days leading up to the attack, plaintiff allegedly told correctional officers assigned to his housing unit that his cellmate was physically and verbally abusive and that something serious was about to happen. (Id.) Defendants Navarro and Gomez allegedly told plaintiff to just deal with the situation and they were not going to move plaintiff or his cellmate. (Id.)

1

In the second amended complaint, plaintiff also alleged that prior to October 23, 2020, he told defendants Navarro and Gomez that he (plaintiff) could not go back in the cell because plaintiff's safety was in jeopardy. (Id.) Defendant Gomez told plaintiff that he did not have a choice, and that if plaintiff did not return to the cell, defendants Navarro and Gomez would forcibly put plaintiff back in the cell. (Id.) Plaintiff returned and was later attacked by his cellmate. (Id.)

On April 14, 2022, the undersigned found that plaintiff's second amended complaint stated a potentially colorable Eighth Amendment claim against defendants Navarro and Gomez. (ECF No. 79.) On May 4, 2022, defendants Navarro and Gomez answered the second amended complaint. (ECF No. 82.)

On April 14, 2022, the undersigned found that the second amended complaint failed to state a potentially colorable claim for relief against defendant Lynch. (ECF No. 79.) The undersigned recommended dismissal of defendant Lynch. (Id.)

On April 26, 2022, plaintiff filed objections to the findings and recommendations. (ECF No. 81.) After reviewing plaintiff's objections, the undersigned found that plaintiff may be able to state a potentially colorable claim for relief against defendant Lynch. (ECF No. 84.) Accordingly, on May 18, 2022, the undersigned vacated the April 14, 2022 findings and recommendations and granted plaintiff thirty days to file a third amended complaint. (Id.)

On June 6, 2022, plaintiff filed a third amended complaint. (ECF No. 88.) For the reasons stated herein, the undersigned finds that the third amended complaint fails to state a potentially colorable claim for relief against defendant Lynch.

Discussion

In the third amended complaint, plaintiff alleges that before the "incident," he wrote an Inmate Request and a 602 grievance addressed to defendant Lynch. (Id. at 3.) Plaintiff alleges that neither the Inmate Request nor the 602 grievance were returned to plaintiff. (Id.) After the incident plaintiff submitted another 602 grievance. (Id.) Plaintiff received a response to this grievance signed by defendant Lynch. (Id.)

////

Plaintiff appears to allege that defendant Gomez threw away the first request plaintiff sent to defendant Lynch.  (Id. at 4.)  Plaintiff alleges that defendant Gomez throws away inmate complaints and letters that belong to inmates.  (Id.)  Plaintiff alleges that defendant Lynch, "did not receive but my last grievance right after this dude beat the crap out of me…"  (Id. at 6.)  Plaintiff alleges that defendant Lynch denied the second grievance he submitted after his cellmate beat him up.  (Id. at 4.)  In the second grievance, plaintiff asked not to be again housed with violent cellmates.  (Id.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  Farmer, 511 U.S. at 834.  A prison official is deliberately indifferent if he or she knows of, and disregards, an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  Id. at 837.

Plaintiff claims that defendant Lynch failed to protect him from the cellmate who attacked him.  However, plaintiff pleads no facts demonstrating that defendant Lynch knew of the alleged risk of harm plaintiff faced from his cellmate prior to the attack.  Plaintiff appears to allege that defendant Lynch did not receive the first 602 and Inmate Request plaintiff sent before the attack because these documents were intercepted by defendant Gomez.  If defendant Lynch did not receive the first 602 or Inmate Request, defendant Lynch could not have known of the risk of harm plaintiff faced from his cellmate prior to the alleged attack.

The undersigned also finds that plaintiff's second grievance did not put defendant Lynch on notice of the risk of harm plaintiff faced from his cellmate because plaintiff submitted the second grievance after the alleged attack.

////

3

   Because plaintiff fails to demonstrate that defendant Lynch had knowledge of the alleged risk of harm plaintiff faced before the alleged attack, plaintiff fails to demonstrate that defendant Lynch acted with deliberate indifference.  Accordingly, plaintiff's third amended complaint does not state a potentially colorable Eighth Amendment claim against defendant Lynch.

   The allegations and claims raised against defendants Navarro and Gomez in the third amended complaint are very similar to the allegations and claims raised against these defendants in the second amended complaint.  In the third amended complaint, plaintiff alleges that defendants Navarro and Gomez did not move plaintiff out of the cell away from his cellmate who was physically and verbally abusive toward plaintiff.  (ECF No. 88 at 7.)  Plaintiff alleges that before his cellmate attacked him, he told defendants Navarro and Gomez on several occasions about the situation plaintiff was in and requested a cell move.  (Id.)  Plaintiff alleges that defendants told plaintiff to go back to his cell and handle his own problems.  (Id.)  Plaintiff alleges that he is now blind in his left eye as a result of the attack by his cellmate.  (Id.)

   The allegations against defendants Navarro and Gomez in the third amended complaint state a potentially colorable Eighth Amendment claim.  Accordingly, defendants Navarro and Gomez shall file a response to the third amended complaint within twenty-one days of the date of this order.

   Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, defendants Navarro and Gomez shall file a response to the third amended complaint (ECF No. 88); and

   IT IS HEREBY RECOMMENDED that the claims against defendant Lynch raised in the third amended complaint be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.fr