UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>    Defendants. | No. 2:21-cv-0572 JAM KJN P<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 10, 2022, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.

    The magistrate judge recommended that plaintiff's claims in the third amended complaint against defendant Warden Lynch be dismissed. Plaintiff alleged that on October 23, 2020, he was attacked by his cellmate. In relevant part, plaintiff alleged that he informed defendant Lynch of the dangers he faced from his cellmate in a grievance. Plaintiff alleged that defendant Lynch denied the grievance after his cellmate beat him up. The magistrate judge recommended that the claims against defendant Lynch be dismissed because plaintiff pled no facts demonstrating that

defendant Lynch knew of a serious risk of harm to plaintiff from his cellmate prior to the alleged attack.

In response to the findings and recommendations, plaintiff submitted documents he claims demonstrate that he informed defendant Lynch of the risk of harm he faced from his cellmate prior to the attack. (ECF Nos. 93, 99.) Plaintiff submitted an Inmate Request for Interview form, dated November 20, 2020, in which he wrote, "I've been saying for years in a 602's request that I'm abused sexually and physically by my cellmates…" (ECF No. 93 at 3.) This form is dated after the alleged October 23, 2020 attack.

Plaintiff also submitted part of a grievance he signed on February 9, 2020. (ECF No. 93 at 5; ECF No. 99 at 3.) In this grievance, no. SAC-A-20-00560, plaintiff wrote, "…with my cellie Kline, and we were both programming. I never gave problems to the officers on A-yard building 4. Now I'm here living with strangers, people that I don't know and afraid of. All of my cellies are very abusive toward me, even some of them had put hands on me and made me be their victim in the cell." (ECF No. 93 at 5; ECF No. 99 at 3.) This grievance was returned to plaintiff on two separate occasions, by K. Daly and B. Hendricks, for failing to include a form 22. (ECF No. 93 at 6-7; ECF No. 99 at 4-5.) This grievance was returned to plaintiff a third time, by S. Boxall, advising plaintiff that the documents were not an appeal and that plaintiff should speak to his Correctional Counselor if he wanted to be transferred to another yard. (ECF No. 93 at 8.)

None of the documents discussed above demonstrate that defendant Lynch knew that plaintiff faced a serious risk of harm from the cellmate who allegedly attacked plaintiff on October 23, 2020 *prior* to the attack.

The court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 10, 2022, are adopted in full;

2. The claims against defendant Lynch raised in the third amended complaint are dismissed.

DATED: July 26, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE