UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>    Defendants. | No.  2: 21-cv-0572 DAD KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On August 15, 2022, plaintiff filed a pleading with the court containing a request for appointment of counsel.  (ECF No. 104 at 3.)  Within the request for appointment of counsel, plaintiff alleges that the undersigned is biased against him.  (Id.)  The undersigned construes these allegations as a request for recusal.  For the reasons stated herein, plaintiff's request for recusal is denied.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1); see also 28 U.S.C. § 144.

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide

1

whether to recuse voluntarily.

Under both § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation and internal quotation marks omitted). The judge's impartiality might reasonably be questioned if, "given all the facts of the case[,] there are reasonable grounds for finding that the judge could not try the case fairly, either because of the appearance or the fact of bias or prejudice." United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980).

In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555 (citation omitted).

Here, plaintiff alleges that the undersigned is biased against him on the basis of adverse rulings. (ECF No. 104 at 3.) However, this is not an appropriate basis for recusal.

Plaintiff also suggests that the undersigned ruled against him because plaintiff is Hispanic and does not know English well. (Id.) The undersigned is not biased against plaintiff because he is Hispanic and allegedly does not know English well or for any other reason. United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal.").

Because plaintiff's pleading regarding the undersigned's alleged bias is not sufficient, the undersigned is not required to refer plaintiff's request for recusal to another judge. See 28 U.S.C. § 144 (whenever a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of the any adverse

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for recusal of the undersigned is denied.

Dated: August 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.rec

3