UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:21-cv-0572 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Pending before the court are three motions for appointment of counsel filed by plaintiff. (ECF Nos. 104, 109, 110.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

1

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In one of the pending motions, plaintiff requests appointment of counsel because this action is reaching the point where it appears that it will actually go to trial.  (ECF No. 109 at 1.)  Plaintiff is informed that the dispositive motion deadline is December 2, 2022.  (ECF No. 83.)  The court will schedule a jury trial following resolution of any dispositive motions, if appropriate.  If this action goes to trial, the court will consider appointing counsel to represent plaintiff at trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 104, 109, 110) are denied without prejudice.

Dated: September 6, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meri0572.31(3)