UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:21-cv-0572 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Pending before the court are four requests for appointment of counsel filed by plaintiff. Also pending is plaintiff's request for an investigation into plaintiff's claims against defendant Navarro.

Requests for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

1

legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Request for Investigation

Plaintiff requests that the court investigate his claims against defendant Navarro.  The court is not authorized to conduct an investigation on plaintiff's behalf.  The court is also not authorized to conduct discovery on plaintiff's behalf.  For these reasons, plaintiff's request for an investigation is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF No. 115, 116, 117 and 118) are denied without prejudice;
2. Plaintiff's request for an investigation (ECF No. 119) is denied.

Dated:  November 1, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meri0572.31(7)