UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:21-cv-0572 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for appointment of counsel (ECF Nos. 134, 136), and plaintiff's letters addressing overpayment of the filing fee (ECF Nos. 137, 138).

Motions for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

1

abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Letters re: Overpayment of Filing Fee

*Background*

Plaintiff paid the filing fee in full for the instant action.

On November 28, 2022, the undersigned ordered the California Department of Corrections and Rehabilitation ("CDCR") to file a status report clarifying their records regarding plaintiff's filing fee owed in the instant action. (ECF No. 124.) On December 12, 2022, CDCR informed the court that it mistakenly sent three overpayments to the court toward plaintiff's filing fee:  1) $8 on April 1, 2022; 2) $14 on July 1, 2022; and 3) $6 on November 1, 2022. (ECF No. 130.)

On December 16, 2022, the undersigned directed the Financial Office of the Court to refund to plaintiff the $28 overpaid by CDCR for the filing fee in this action. (ECF No. 131.)

After the December 16, 2022 order was filed, the Financial Office of the Court informed the undersigned that CDCR overpaid $36, rather than $28, for plaintiff's filing fee. (ECF No. 133.) Accordingly, on December 21, 2022, the undersigned directed the Financial Office of the court to refund $36 to plaintiff. (Id.)

*Discussion*

On January 3, 2023, plaintiff filed a letter claiming that CDCR continues to take money from his trust account to pay the filing fee in this action. (ECF No. 137.) Attached to this letter is a statement from plaintiff's trust account reflecting that on July 1, 2022, CDCR send the court $14 for the filing fee in this action. (Id. at 3.) On January 4, 2023, plaintiff filed another letter claiming that CDCR continues to take money from his trust account to pay the filing fee in this

action. (ECF No. 138.) Attached to this letter is a statement from plaintiff's trust account reflecting that on November 1, 2022, CDCR sent the court $6 for the filing fee in this action. (Id. at 4.)

As discussed above, the court refunded to plaintiff the $14 and $6 overpaid by CDCR on July 1, 2022, and November 1, 2022. Accordingly, the concerns raised in plaintiff's letters, filed January 3, 2023, and January 4, 2023, regarding overpayment of the filing fee are deemed resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 134, 136) are denied without prejudice;
2. Plaintiff's concerns regarding overpayment of the filing fee raised in his letters filed January 3, 2023, and January 4, 2023 (ECF Nos. 137, 138), are deemed resolved.

Dated: January 18, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meri0572.31(8)