UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>        Defendants. | No.  2: 21-cv-0572 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

Plaintiff's Motions for Appointment of Counsel

Pending before the court are motions for appointment of counsel filed by plaintiff on January 23, 2023, April 10, 2023, April 24, 2023, and May 1, 2023.  (ECF Nos. 142, 148, 150, 152.)

On January 18, 2023, the undersigned denied plaintiff's motions for appointment of counsel filed December 23, 2022, and January 3, 2023.  (ECF No. 141.)  On January 27, 2023, plaintiff filed a request for reconsideration of the January 18, 2023 order denying his motions for appointment of counsel.  (ECF No. 143.)  Plaintiff's request for reconsideration is pending with the district court.

////

1

Good cause appearing, plaintiff's pending motions for appointment of counsel are vacated pending resolution of plaintiff's request for reconsideration of the January 18, 2023 order denying his motions for appointment of counsel.

Plaintiff's Request to Deny Defendants' Summary Judgment Motion

On January 23, 2023, plaintiff filed a request to deny defendants' summary judgment motion because plaintiff had not yet had access to discovery. (ECF No. 142.) At the time plaintiff filed this request, defendants had not filed a summary judgment motion. On March 23, 2023, defendants filed a summary judgment motion. (ECF No. 146.) On May 2, 2023, the undersigned granted plaintiff a thirty days extension of time to file an opposition to defendants' summary judgment motion. (ECF No. 151.)

Discovery closed on September 9, 2022. (ECF No. 83.) Accordingly, the undersigned construes plaintiff's January 23, 2023 request to deny defendants' summary judgment motion as a request to reopen discovery.

"The decision to modify a scheduling order is within the broad discretion of the district court." FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the scheduling order, including the reopening of discovery, that party must first show "good cause." See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In Johnson, the Ninth Circuit explained that,

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); see also 6A Wright & Miller, et

al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case."). District courts in the Ninth Circuit consider the following six factors when ruling on a motion to modify a scheduling order to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft, 63 F.3d 1512, 1526 (9th Cir. 1995), vac'd on other grounds, 520 U.S. 939 (1997)).

In the instant case, the trial is not imminent and defendants did not oppose plaintiff's motion to reopen discovery. However, in the pending request, plaintiff does not address why he was unable to conduct discovery before the September 9, 2022 discovery deadline. Plaintiff also fails to address what discovery he intends to conduct. For these reasons, the undersigned finds that plaintiff has not demonstrated that he was diligent in obtaining discovery. Plaintiff also fails to demonstrate the likelihood that discovery will lead to relevant evidence. On these grounds, plaintiff's motion to reopen discovery is denied.

Plaintiff's Motion for Extension of Time

On May 4, 2023, plaintiff filed a motion for extension of time to respond to defendants' summary judgment motion. (ECF No. 154.) On May 2, 2023, the undersigned granted plaintiff a thirty days extension of time to respond to defendants' summary judgment motion. (ECF No. 151.) Accordingly, plaintiff's May 4, 2023 motion for extension of time is denied as unnecessary.

In the May 4, 2023 motion for extension of time, plaintiff also requests that the court defer ruling on defendants' summary judgment motion until the district court rules on his request for reconsideration of the January 18, 2023 order denying his motions for appointment of counsel. (ECF No. 154.) Although plaintiff's request for reconsideration is pending in the district court,

plaintiff is still obligated to prosecute this action and file his opposition to defendants' summary judgment motion. Accordingly, plaintiff's request for the court to defer ruling on defendants' summary judgment motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel (ECF Nos. 142, 148, 150, 152) are vacated;

2. Plaintiff's request to deny defendants' summary judgment motion (ECF No. 142), construed as a request to reopen discovery, is denied;

3. Plaintiff's motion for extension of time to file an opposition to defendants' summary judgment motion and to defer ruling on defendants' summary judgment motion until the district court rules on his request for reconsideration (ECF No. 154) is denied.

Dated: May 18, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.ord(7)

4