1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FRANISCO MERINO,                          No.  2:21-cv-00572-DAD-KJN (PC)

12                    Plaintiff,

13          v.                                  ORDER DENYING PLAINTIFF'S REQUEST
                                                FOR RECONSIDERATION OF THE
14    GOMEZ, et al.,                            MAGISTRATE JUDGE'S JANUARY 18,
                                                2023 ORDER
15                    Defendants.
                                                (Doc. No. 143)
16

17          Plaintiff Francisco Merino is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On January 18, 2023, the assigned magistrate judge issued an order denying plaintiff's

21   motions for appointment of counsel (Doc. Nos. 134, 136).  (Doc. No. 141.)  Therein, the

22   magistrate judge found "that plaintiff failed to meet his burden of demonstrating exceptional

23   circumstances warranting the appointment of counsel at this time."  (*Id.* at 2.)

24          On January 27, 2023, plaintiff filed a one-page, untitled document in which it appears that

25   plaintiff is requesting that "the court reconsider [his] request for the appointment of counsel."

26   (Doc. No. 143.)  The undersigned will construe plaintiff's filing as a "Request for

27   Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local Rule

28   /////

                                                 1

1    303(c).  The standard of review for "all such requests is the 'clearly erroneous or contrary to law'

2    standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

3           Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may

4    be referred to and decided by a magistrate judge, subject to review by the assigned district judge.

5    Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part

6    of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.

7    303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are

8    reviewed for clear error, while legal conclusions are reviewed to determine whether they are

9    contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled*

10   *on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate

11   judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an

12   element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or

13   rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1

14   (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly

15   deferential, requiring a definite and firm conviction that a mistake has been committed."

16   *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602,

17   623 (1993) (internal quotation marks omitted).

18          Here, in a single sentence without any argument or elaboration, plaintiff merely requests

19   reconsideration of the magistrate judge's January 18, 2023 order denying his motions for the

20   appointment of counsel.  (Doc. No. 143.)  Plaintiff does not articulate any basis for

21   reconsideration, nor explain how the magistrate judge's order is "clearly erroneous or contrary to

22   law."  As the magistrate judge correctly explained, district courts cannot require counsel to

23   represent indigent prisoners in civil rights actions.  (Doc. No. 141 at 1–2) (citing cases).

24   Although "the court may request an attorney to voluntarily represent such a plaintiff" when

25   exceptional circumstances exist, the magistrate judge did not err in finding that plaintiff had not

26   demonstrated exceptional circumstances warranting the appointment of counsel at this time.

27   /////

28   /////

1    Accordingly, plaintiff's request for reconsideration of the magistrate judge's January 18,

2    2023 (Doc. No. 143) is denied.

3        IT IS SO ORDERED.

4    Dated:    **June 16, 2023**                         _Dale A. Drozd_
                                        UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3