UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOMEZ, et al.,<br><br>　　　　Defendants. | No.  2: 21-cv-0572 DAD KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court.

Plaintiff's Motion for Recusal (ECF No. 168)

Plaintiff moves for recusal of the undersigned.  A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.  The objective test for determining whether recusal is required is whether a reasonable person with

1

knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." Id. at 1148.

In the pending motion, plaintiff contends that the undersigned has never granted any motions filed by plaintiff. Plaintiff contends that the undersigned always "contradicts" plaintiff's motions and grants defendants' motions. Plaintiff contends that the undersigned is "contradicting" plaintiff's opposition to defendants' summary judgment motion.

Plaintiff's claim that the undersigned has not granted plaintiff's previously filed motions is not grounds for recusal. Johnson, 610 F.3d at 1148 ("Adverse findings do not equate to bias."). In addition, the undersigned has not ruled on defendants' summary judgment motion or issued any orders regarding the merits of plaintiff's opposition. Therefore, plaintiff's claim that the undersigned "contradicted" plaintiff's opposition is unfounded.

For the reasons stated above, plaintiff's motion for recusal of the undersigned is denied.

Plaintiff's Motions for Extensions of Time to File an Opposition to Defendants' Summary Judgment Motion (ECF Nos. 158, 159)

On June 2, 2023, and June 5, 2023, plaintiff filed the pending requests for extensions of time to file an opposition to defendants' summary judgment motion. (ECF Nos. 158, 159.)

On May 2, 2023, the undersigned granted plaintiff a thirty days extension of time to file his opposition. (ECF No. 151.) Pursuant to the mailbox rule, plaintiff filed a timely opposition to defendants' summary judgment motion on May 30, 2022. (ECF No. 160 at 143.) Accordingly, plaintiff's motions for extensions of time to file his opposition to defendants' summary judgment motion are denied as unnecessary.

Plaintiff's Motion to Postpone Consideration of Defendants' Summary Judgment Motion (ECF No. 157)

On May 19, 2023, plaintiff filed a motion to postpone consideration of defendants' summary judgment motion. (ECF No. 157.) Plaintiff alleges that he cannot oppose defendants' summary judgment motion because he is living alone in a cell and cannot conduct discovery. (Id.)

As stated above, on May 30, 2022, plaintiff filed an opposition to defendants' summary judgment motion. (ECF No. 160.) Based on the filing of this opposition, it appears that plaintiff abandoned his request to postpone consideration of defendants' summary judgment motion. Accordingly, plaintiff's motion to postpone is vacated.

Plaintiff's Motions for Appointment of Counsel (ECF Nos. 157, 161, 167, 169)

Plaintiff requests appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. If appropriate, the undersigned will consider appointment of counsel for plaintiff following resolution of defendants' summary judgment motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal of the undersigned (ECF No. 168) is denied;
2. Plaintiff's motions for extensions of time to file an opposition to defendants' summary judgment motion (ECF Nos. 158, 159) are denied as unnecessary;
3. Plaintiff's motion to postpone consideration of defendants' summary judgment motion, docketed as a motion for extension of time, (ECF No. 157) is vacated; and

////

4. Plaintiff's motions for appointment of counsel (ECF Nos. 157, 161, 167, 169) are denied without prejudice.

Dated: July 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mer572.ord(9)