UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>        Defendants. | No.  2:21-cv-00572-DAD-KJN (PC)<br><br>ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS RE:DISMISSAL OF THE ACTION AND SETTLEMENT AGREEMENT<br><br>(ECF Nos. 195, 196, 198, 200) |

      On October 17, 2023, the parties settled the instant action filed pursuant to 42 U.S.C. § 1983, at a settlement conference before Magistrate Judge Stanley A. Boone.  (ECF No. 185.)

      On October 18, 2023, the action was dismissed with prejudice, pursuant to the parties' stipulation for voluntary dismissal.  (ECF No. 190.)

      On October 26, 2023, Plaintiff filed a motion to reopen the case.  (ECF No. 196.)

      On October 30, 2023, Plaintiff filed a request for status on the monetary agreement. (ECF No. 195.)

      On November 20, 2023, Plaintiff filed a second motion to reopen the case.  (ECF No. 198.)  On November 27, 2023, Defendants filed an opposition to Plaintiff's motions to reopen the case.  (ECF No. 199.)

      On November 27, 2023, Plaintiff filed a notice regarding the settlement conference.  (ECF No. 200.)

1

In his various filings, Plaintiff seeks to reopen the case and for the Court to conduct an additional settlement conference because the settlement amount was too law, he was feeling "sick" at the settlement conference and "not thinking clearly," and the Magistrate Judge "lied" and "intimidated" him to accept a low amount of money. (See ECF Nos. 195, 196, 198, 200.)

# I.

# BACKGROUND

On October 17, 2023, Plaintiff and counsel for Defendants appeared remotely via Zoom videoconference for a settlement conference before Magistrate Judge Stanley A. Boone. (ECF No. 185.) Prior to the conference, which was initially scheduled for and continued from October 5, 2023, Plaintiff submitted several filings to the Court expressing his willingness to attend a settlement conference and desire that the parties could reach a settlement agreement. (See ECF Nos. 179, 184, 186, 188, 191.)

At the beginning of the settlement conference, Magistrate Judge Boone advised the parties as follows:

> THE COURT: In attempting to facilitate a settlement, the Court acts as a neutral and impartial arbiter to assist the parties in exploring a voluntary settlement of the dispute. The Court does not advocate for either party, and the sole purpose of the Court is to facilitate a settlement that is fundamentally fair, adequate, and reasonable to both parties. During settlement discussions, the Court will candidly address the strengths and weaknesses of their respective case.
>
> During the settlement discussions, we'll candidly address the strengths and the weaknesses, again, of the case and will be candid about that. It will not consider any outstanding restitution obligations in assessing the value of the case. The parties are advised not to be offended by any comments made about the strengths or weaknesses of the claims proceeding. Such discussion is only in the interest of assisting the parties to consider the advantages of settling in contrast to the disadvantages or the advantages of proceeding with trial.

(Bower Decl. Ex. A [Settlement Conference Tr.] at 4.)

Judge Boone also explained that the parties were not obligated to settle the case at the conference and that nothing the Court said or did was to be inferred as pressuring any party to settle. (Id. at 5.) Plaintiff responded that he understood:

> THE COURT: The parties are under no obligation to settle this case and nothing the Court says or does at the settlement conference should be perceived as pressuring or

2

1  influencing either party to settle this case.

2  Mr. Merino, do you understand what I've just said?

3  MR. MERINO: Your Honor, I did. I did. Yes.

4  (Id.)

5  Judge Boone then held settlement discussions with the parties in separate

6  breakout rooms, and the parties ultimately reached an agreement to settle the case;

> THE COURT: The Court has been in settlement discussions with the parties this morning and it's the Court's understanding that, based upon those discussions, that this case has settled.
>
> Mr. Merino, is that your understanding?
>
> MR. MERINO: Yes. I do understand.
>
> THE COURT: Okay. And Ms. Bower, is that your understanding?
>
> MS. BOWER: Yes, Your Honor.

(Id. at 6.)

Defense counsel then stated the terms of the settlement on the record, which included a promise to pay Merino $3,000 in exchange for dismissal of the case, as follows:

> MS. BOWER: Thank you, Your Honor. The parties have agreed to resolve this matter in its entirety. This settlement resolves all claims that were raised or could have been raised concerning the allegations in this lawsuit and any amendments against Defendants, whether named or unnamed.
>
> This agreement will also resolve any rights on appeal. Defendants have denied Plaintiff's allegations, and nothing about the settlement may be construed as an admission of liability.
>
> Defendants agree to pay Plaintiff a total sum of $3,000. In return, Plaintiff agrees to dismiss this case with prejudice, to sign a settlement agreement and release, and a payee data record form which are material terms of the settlement.
>
> The parties shall bear their own costs and attorney's fees. Any settlement proceeds will be reduced by deductions to cover any administrative fees and any outstanding restitution balances and any other fees or costs owed by Plaintiff.
>
> Payment can take up to 180 days. That 180-day time period will begin when the Plaintiff completes all necessary paperwork.
>
> Defendants will have the paperwork for Plaintiff to review and complete as soon as

3

possible and will send it via the Litigation Office at the prison where Plaintiff is currently housed. However, refusal to sign the settlement paperwork is not a reason to later rescind the settlement once we conclude here today.

The stipulation for voluntary dismissal with prejudice will be filed within 30 days and all other deadlines will be vacated.

(Id. at 6–7.)

Merino confirmed his understanding and acceptable of the terms:

THE COURT: All right. Mr. Merino, is that your understanding of the terms of the settlement?

MR. MERINO: Yes. I do understand, Your Honor.

THE COURT: And you accept those terms?

MR. MERINO: Yes. I do, Your Honor.

(Id. at 7.)

After the conference, defense counsel provided a settlement agreement, stipulation for voluntary dismissal, and payee data form to Plaintiff for his review and signature. (Bower Decl. ¶ 3, Exs. B, C.)  The settlement agreement identified the $3,000 settlement amount agreed at the conference. (Id. Ex. B at 1.)  Plaintiff signed and returned the settlement documents, including the settlement agreement. (Id. ¶ 3 & Exs. B, C.)  As stated above, the stipulated dismissal was filed (ECF No. 187) and the case was closed (ECF No. 190).

## II.

## DISCUSSION

The enforcement of an agreement to settle a federal litigation is governed by the law of the state in which the agreement was entered into. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). In California, settlement agreements are governed by the same principles governing contracts generally. Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

California law allows a party to rescind a contract if his agreement was "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the" other party to the contract. Cal. Civ. Code § 1689.

A party who enters into a binding settlement agreement cannot unilaterally decide later to cancel the agreement. See, e.g., Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002); Gastile v. Virga, No. 2:11-cv-2829-JAM-EFB, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015). "At a time where the resources of the federal judiciary . . . are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." Doi, 276 F.3d at 1141.

A contract challenged "on the ground of incompetency is ordinarily not void, but merely voidable." Hellman Commercial Trust & Savings Bank v. Alden, 206 Cal. 592, 605 (1929). A contract is voidable for incompetence only where the party had "an inability to understand the nature of the contract and to appreciate its probable consequences." Id.; Cal. Civ. Code, § 39(a). Additionally, "[i]t is well settled that a contract (or deed) may be set aside for duress only if it was obtained by so oppressing a person by threats regarding the safety or liberty of himself, or of his property, or of a member of his family, as to deprive him of the free exercise of his will." In re Marriage of Broderick, 209 Cal.App.3d 489, 499 (1989) (internal quotations omitted). "Duress is more than mere threats or puffing; a party must be shown to have intentionally used threats or pressure to induce action or nonaction to the other party's detriment." In re Marriage of Stevenot, 154 Cal.App.3d 1051, 1073 n. 6 (2008); see also Cal. Civ. Code, § 1689 (grounds for rescinding a contract) (party claiming duress must show that the duress was "exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party").

Here, Plaintiff's motions to rescind the settlement agreement and reopen the case must be denied. As an initial matter, Plaintiff's complaint that he now feels the settlement amount is too low is not a basis to unilaterally cancel the settlement agreement in open court and confirmed in a signed settlement agreement. Doi, 276 F.3d at 1141 (holding that agreement in open court was binding and party's new proposed settlement terms sent after conference did not change force of agreement). There is no dispute that Plaintiff agreed in open court to dismissal of this case in

exchange for $3,000, and he does not contest that he later signed a settlement agreeing to that amount. (See ECF Nos. 196, 198.) Indeed, the transcript from the settlement conference confirms that Plaintiff understood and agreed to the $3,000 settlement amount. (Bower Decl. Ex. A at 7.) In addition, the written and signed settlement agreement clearly identifies the $3,000 amount. (Bower Decl. Ex. B.) Plaintiff's change of mind as to the settlement amount does not excuse him from his obligation to be bound by his prior agreement. See, e.g., Doi, 276 F.3d at 1141 (rejecting plaintiff's attempt to back out of agreement terms). Simply stated, Plaintiff's motion to rescind is based on a case of buyer's remorse which is not grounds to overturn the settlement agreement.[1]

Further, Plaintiff's claim that he was feeling "sick" on the day of the conference and "not thinking clearly" are unavailing. California Civil Code § 39(a) provides: "A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before the incapacity of the person has been judicially determined, is subject to rescission." A party is entitled to rescind a contract under § 39(a) " 'if, when he entered into the contract, he was not mentally competent to deal with the subject before him with a full understanding of his rights....' " In re Rains, 428 F.3d 893, 901 (9th Cir. 2005) (quoting Smalley v. Baker, 69 Cal. Rptr. 521 (Ct. App. 1968)). "The test in each instance is whether he understood the nature, purpose and effect of what he did." Id. (quoting Smalley, 69 Cal. Rptr. 521) (alterations, internal quotation marks, and ellipses omitted).

Here, to the extent Plaintiff argues he was unwell to the point of being incompetent, the record from the settlement conference and signed settlement agreement belie his claim. Plaintiff's contentions are insufficient to demonstrate that Plaintiff was of unsound mind and did not understand the nature, purpose, and effect of the settlement agreement at the time that he entered into that agreement. Indeed, Plaintiff repeatedly confirmed his understanding of the information provided by the Court regarding the conference and the specific terms of the

---

[1] To the extent Plaintiff argues the settlement agreement is void because he has yet to receive the $3,000 from Defendants, the terms of the settlement agreement allows 180 days from the date Plaintiff delivers t Defendants a signed settlement agreement a notice of voluntary dismissal with prejudice. and all of the required Payee Data Form. (Bower Decl. Ex B at 2.) It is clear the 180 days has not yet expired.

settlement which was placed on the record. (Bower Decl. Ex. A at 5-7.) At the conference, Plaintiff made no mention of being unwell and did not request a continuance or postponement of the conference. (Id.) Rather, Plaintiff consistently confirmed his understanding of the proceedings and agreement to the terms which undermines his claim that he was "sick" or "not of clear mind" to enter a contract. (Id. at 6-7.) When asked if the parties had reached an agreement, Plaintiff stated: "Yes." (Id. at 6.) Then, when asked if he understood and agreed to the settlement terms, he responded: "Yes. I do understand, Your Honor." (Id. at 7.)

Lastly, Plaintiff has not presented evidence that he was under duress to justify voiding the settlement agreement. Plaintiff makes conclusory allegations without any supporting evidence that the settlement judge "lied and intimidated" him at the conference to pressure him to accept a low amount. (ECF No. 196.) Plaintiff has not alleged facts that establish he gave his consent through "duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689. Although he claims that the settlement judge "lied and intimidated" him into signing the agreement, the record refuses such a claim and the entire process of settlement shows that no such duress occurred. At the start of the conference, both parties were informed that the Judge was acting as "a neutral and impartial arbiter to assist the parties in exploring a voluntary settlement of the dispute," that "the Court does not advocate for either party, and the sole purpose of the Court is to facilitate a settlement that is fundamentally fair, adequate, and reasonable to both parties." (Bower Decl. Ex. A at 4.) The parties were also advised that the Court would "candidly address the strengths and weaknesses of their respective case," and that the "discussion is only in the interest of assisting the parties to consider the advantages of settling in contrast to the disadvantages or the advantages of proceeding with trial." (Id.) It was made specifically clear that the "parties are under no obligation to settle this case and nothing the Court says or does at the settlement conference should be perceived as pressuring or influencing either party to settle this case." (Id. at 5.) Magistrate Judge Boone specifically asked Plaintiff if he understood, to which Merino replied: "Your Honor, I did. I did. Yes." (Id.) The record shows that Plaintiff was specifically informed that he should not feel pressure to settle the

case, which refutes Plaintiff's assertion of duress. See In re Marriage of Stevenot, 154 Cal.App.3d at 1073 n. 6 ("Duress is more than mere threats or puffing; a party must be shown to have intentionally used threats or pressure to induce action or nonaction to the other party's detriment."). Thus, there is no basis to void the settlement agreement based on Plaintiff's claim that he was under duress.

### III.
### CONCLUSION AND ORDER

For the reasons detailed herein, IT IS HEREBY ORDERED that Plaintiff's motions to rescind the settlement agreement and reopen this case (ECF Nos 195, 196, 198, 200) are DENIED.

IT IS SO ORDERED.

Dated:  **December 1, 2023**

UNITED STATES MAGISTRATE JUDGE