UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOMEZ, et al.,<br><br>　　　　　　Defendants. | No. 2:21-cv-00572-DAD-KJN (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS FOR CLARIFICATION<br><br>(ECF Nos. 204, 205) |

　　　　On October 17, 2023, the parties settled the instant action filed pursuant to 42 U.S.C. § 1983, at a settlement conference before Magistrate Judge Stanley A. Boone. (ECF No. 185.)

　　　　On October 18, 2023, the action was dismissed with prejudice, pursuant to the parties' stipulation for voluntary dismissal. (ECF No. 190.)

　　　　On December 1, 2023, the Court denied Plaintiff's motions to rescind the settlement agreement and reopen the case. (ECF No. 201.)

　　　　On April 5 and April 8, 2024, Plaintiff filed motions for clarification regarding the settlement funds available in his prison trust account. (ECF Nos. 204, 205.)

　　　　On April 10, 2024, the Court directed Defendants to file a response to Plaintiff's motions. (ECF No. 206.) On April 15, 2024, Plaintiff filed another notice regarding the settlement funds, raising essentially the same contentions as his prior filings. (ECF No. 207)

　　　　After receiving an extension of time, Defendants filed their response on May 14, 2024. (ECF No. 210.)

**I.**

**DISCUSSION**

　　　　In his motions, Plaintiff requests clarification as to the deductions of the settlement funds from his prison trust account. (ECF Nos. 204, 205.) Plaintiff submits that he does not owe

1

1  restitution or any other obligations, besides filings fees in four different cases.  (ECF No. 204.)

2  In response, Defendants submit evidence that $930 was deducted for required backup tax withholding because Merino could not provide a social security number or authorized Tax Identification Number (TIN); $494.27 was deducted for restitution obligations and related administration fees in two of Merino's criminal matters; $1,189.28 was deducted and paid toward federal filing fees owed in four matters; and $252.15 was deducted for inmate purchases. At the end of April 2024, the available balance in Merino's inmate trust account was $134.40.  (ECF No. 210.)

### A. Backup Tax Withholding

The California Department of Corrections and Rehabilitation (CDCR) is required by law to withhold federal and state designated tax rates on inmate settlements payments as a backup tax withholding where the inmate payee does not or cannot provide a social security number or TIN. (Bower Decl. Supp. Defs.' Resp. Pl.'s Mots. Clarification re: Settlement Funds (Bower Decl. re: Settlement Funds) Ex. B [Payee Data Form & Affidavit]; Pearson Decl. Supp. Defs.' Resp. Pl.'s Mots. Clarification re: Settlement Funds (Pearson Decl.) ¶¶ 2–3.)  The current backup tax withholding rates are published on the Internal Revenue Service's website and the State of California Franchise Tax Board's website. (Pearson Decl. ¶¶ 2–3.) The Internal Revenue Service currently imposes a 24% rate for backup tax withholding, and the State of California Franchise Tax Board imposes a 7% rate for backup tax withholding. (Id.)

"[I]t is well established that settlement payments do not escape the purview of mandatory tax laws" because they "constitute gross income." Powertech Tech. v. Tessera, No. 4:11-cv-06121-CW, 2014 WL 2538973, at *5 (N.D. Cal. June 5, 2014); see also 26 U.S.C. § 61(a) (defining gross income broadly as "all income from whatever source derived" except as excluded by specific provision in the taxation code).  "[W]hen there is a withholding requirement imposed on one party by a governing authority, that party must comply with the requirement as it applies to settlement payments." Powertech Tech., 2014 WL 2538973 at *5; see also Josifovich v. Secure Computing Corp., No. 07-5469, 2009 WL 2390611, at *6 (D.N.J. July 31, 2009) (finding that, where agreement is silent as to tax consequences, court would not "alter the terms of [the]

2

1  voluntary settlement agreement and require Defendant to pay more simply because Plaintiff now,
2  after the close of negotiations, is dissatisfied with the anticipated tax consequences of her
3  agreement").

4  Here, the parties agreed to settle this case for $3,000 at the October 2023 settlement
5  conference.  (Minute Order, ECF No. 185; Bower Decl. Supp. Defs.' Opp'n Pl.'s Mots. Reopen
6  Case Ex. A [Settlement Conference Tr.] at 1, ECF No. 199-1; Bower Decl. re: Settlement Funds
7  Ex. A [Settlement Agreement].)  In completing the dispositional documents, Plaintiff could not
8  provide a social security number or authorized TIN for his payee data form.  (Bower Decl. re:
9  Settlement Funds Ex. B [Payee Data Form & Affidavit].)  Plaintiff was therefore provided and
10 completed a supplemental inmate payee data form affidavit, which advised him that the failure to
11 provide a correct social security number or TIN would subject him the settlement payment to
12 federal and state backup tax withholdings.  (Id.)

13 Because Merino certified that he could not provide a social security number or TIN for the
14 settlement payment, CDCR deducted and paid $720.00 of the settlement amount to the Internal
15 Revenue Service, which is 24% of the $3,000 total settlement payment. (Pearson Decl. ¶¶ 2–3.)
16 CDCR also deducted and paid $210.00 to the California Franchise Tax Board, which is 7% of the
17 $3,000 total settlement amount. (Id.) As required by state and federal tax law, $930 total (31% of
18 $3,000) was properly withheld and paid for backup tax withholding. See 26 U.S.C. § 3406
19 (federal backup withholding requirements); Cal. Rev. & Tax. §§ 18661–2, 18668 (state backup
20 withholding requirements and payer liability for failure to comply). The remaining $2,070
21 ($3,000 minus $930) is identified as being deposited into Merino's trust account on March 21,
22 2024. (Saunders Decl. Supp. Defs.' Resp. Pl.'s Mots. Clarification re: Settlement Funds
23 (Saunders Decl.) ¶ 3 & Ex. A.)

24 Based on the evidence submitted by Defendants, it is clear that Plaintiff was fully aware
25 of the tax consequences of failing to provide a social security number as he received written
26 notice and attested he was not aware of his social security number or TIN or did not have one.
27 (Bower Decl. re: Settlement Funds Ex. B [Payee Data Form & Affidavit].)  Because the law
28 clearly requires CDCR to deduct for backup tax withholdings in such circumstances, $930 was

3

properly deduced from his prison trust account.  26 U.S.C. §§ 3406, 6109; Cal. Rev. & Tax. Code §§ 18661-2; Powertech Tech., 2014 WL 2538973 at *5 ("[W]hen there is a withholding requirement imposed on one party by a governing authority, that party must comply with the requirement as it applies to settlement payments.")

**B.     Restitution Obligations, Federal Filing Fee Payments, and Inmate Purchases**

Defendants submit that on March 21, 2024, Plaintiff received a deposit of $2,070 to his trust account with the source listed as "STLMNT CK#05-37199."  (Saunders Decl. ¶ 3 & Ex. A.) Two restitution fee payments were deducted from Plaintiff's trust account after receiving the $2,070 deposit on March 2024-a restitution payment of $376.74 with related administrative fee of $18.83, and a restitution fine payment of $94.00 with related administrative fee of $4.70. (Saunders Decl. ¶ 4 & Ex. A.)   Merino's restitution payment history report reflects restitution fines owed and paid on March 21, 2024, for his criminal case numbers BA026085 and PB035201 for these deducted amounts.  (Saunders Decl. ¶ 4 & Ex. B.) This report includes restitution fines owed under Plaintiff's current CDCR number (CDCR No. AI4722) and former CDCR number (CDCR No. H08837). (Id.)

On April 1, 2024, deductions from Plaintiff's trust account were made to pay for the filing fees in four different federal cases--(1) $315.14 for Case No. 2:22-CV-00520-WBS-DB; (2) $315.14 for Case No. 2:21-CV-00826-KJM-DMC; (3) $315.00 for Case No. 2:22-CV-01132-DMC; and (4) $244.00 for Case No. 2:21-CV-00826-DMC. (Saunders Decl. ¶ 5 & Ex. A.)

On April 13, 2024, a sales deduction of $218.15 was made, and a deduction of $34.00 was made for "Radio Nueva" on April 18, 2024.  (Saunders Decl. ¶ 5 & Ex. A.)  After these deductions, the available balance in Plaintiff's trust account was $134.40, as of April 29, 2024. (Saunders Decl. ¶ 6 & Ex. A.)

///
///
///
///
///

Based on the above deductions, totaling $1935.70, Plaintiff's trust account as of April 29, 2024, properly reflects a remaining balance of $134.40.  Accordingly, Plaintiff's motions for clarification are unfounded as the settlement funds were properly received and distributed, and no relief from the Court is warranted.

IT IS SO ORDERED.

Dated:   **May 16, 2024**

UNITED STATES MAGISTRATE JUDGE