UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>             Plaintiff,<br><br>      v.<br><br>GOMEZ, et al.,<br><br>             Defendants. | No. 2:21-cv-00572-DAD-KJN (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE RE:SETTLEMENT FUNDS, FILED ON JULY 29, 2024<br><br>(ECF No. 217) |

On October 17, 2023, the parties settled the instant action filed pursuant to 42 U.S.C. § 1983, at a settlement conference before Magistrate Judge Stanley A. Boone. (ECF No. 185.)

On October 18, 2023, the action was dismissed with prejudice, pursuant to the parties' stipulation for voluntary dismissal. (ECF No. 190.)

On December 1, 2023, the Court denied Plaintiff's motions to rescind the settlement agreement and reopen the case. (ECF No. 201.)

On April 5 and April 8, 2024, Plaintiff filed motions for clarification regarding the settlement funds available in his prison trust account.  (ECF Nos. 204, 205.)

On April 15, 2024, Plaintiff filed another notice regarding the settlement funds, raising essentially the same contentions as his prior filings.  (ECF No. 207)

On May 16, 2024, the Court found that Plaintiff's motions for clarification were unfounded as the settlement funds were properly received and distributed, and no relief from the Court was warranted.  (ECF No. 212.)

///

1

1     On June 6, 2024, Plaintiff filed a notice inquiring whether it was "too late" for him to provide a Tax Identification Number (TIN) and states that he "hope[s] to get some of [his] settlement money back."  (Id.)  Plaintiff submits that he does have a TIN afterall and that he did not provide it earlier because he did not remember it.  (Id.)

Defendants filed a response on July 15, 2024.  (ECF No. 215.)

On July 23, 2024, the Court advised Plaintiff that because he "failed to provide certification that he did not have or could not provide a social security number or TIN for the settlement payment and the settlement funds have been processed, Plaintiff's only remedy is to either contact the IRS or the California Franchise Tax Board, and there is no further relief that can be provided by the Court or Defendants."  (ECF No. 216 at 2.)

On July 29, 2024, Plaintiff filed yet another notice regarding the settlement funds, which is self-dated July 21, 2024-two days prior to the issuance of the Court's last order.  (ECF No. 217.)  Plaintiff continues to seek the return of the backup taxes collected because he failed to provide a social security number or TIN.  Plaintiff claims that he did a TIN at the time of the settlement agreement and counsel knew such fact.  (Id. at 1.)

As stated in the Court's July 29, 2024, order, "the settlement funds have already been processed and the required back up tax withholdings to the IRS and California Franchise Tax Board have already been paid, Plaintiff's only remedy now is to "contact the agency where the backup tax withholdings funds have been sent … with any further inquiries regarding a return or refund of the backup tax withholdings amounts already sent to those agencies in connection with the settlement in this case."  (ECF No.  216 at 2.)  Pursuant to 26 U.S.C. § 2406(a)(1), it was Plaintiff's responsibility to provide a social security number or TIN and the failure to do so subjected him to backup withholdings.  Thus, because Plaintiff previously failed to provide certification that he did not have or could not provide a social security number or TIN for the settlement payment and the settlement funds have been processed, Plaintiff's only remedy is to either contact the IRS or the California Franchise Tax Board, and there is no further relief that can

///

///

be provided by the Court or Defendants.  Accordingly, there is no further relief that can be provided by the Court or Defendants.

IT IS SO ORDERED.

Dated:  **August 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE